UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:18-CV-392-ORL-37-TBS

FILED 2018 MAR 14 PM 4:40
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CATHLEEN PLAZAS

    Plaintiff,

vs.

DR. PHILLIPS CENTER FOR THE PERFORMING ARTS, INC.

    Defendant.

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, CATHLEEN PLAZAS, through counsel, sues Defendant, DR. PHILLIPS CENTER FOR THE PERFORMING ARTS, INC., and alleges the following:

1. This is an action for damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

2. Plaintiff resides in Essex County, New Jersey and is a former employee of Defendant.

3. Defendant, DR. PHILLIPS CENTER FOR THE PERFORMING ARTS, INC., (Hereinafter "DEFENDANT") is a corporation that regularly transacts business within Orange County, Florida.

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in this judicial district because Defendant engages in business here and a substantial part of the events giving rise to Plaintiff's claims occurred here.

6. At all times material hereto, DEFENDANT was engaged in commerce as a performing arts center, and as part of its operations, caused its employees including Plaintiff to handle materials and further utilized equipment and tools that were manufactured in other states and had moved in interstate commerce.

7. At all times material hereto, DEFENDANT was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and is a "Corporation" as it, along with its employees, was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

8. In justifiable reliance upon Defendant's representations and promises, Plaintiff accepted employment and began working for Defendant as an education assistant.

9. During part of Plaintiff's employment, from on or about June 6, 2016 through on or about July 17, 2017, Plaintiff accrued damages in the amount of $2,700.20 consisting of unpaid overtime. During said period of time, Plaintiff worked an average of 42 to 43 hours per week and was paid a flat salary of $1,000.00 per week, regardless of the number of hours Plaintiff worked. Plaintiff therefore claims the halftime overtime rate for the hours of overtime she averaged each week.

10. Accordingly, the estimated amount of damages owed to the Plaintiff to date is as follows: $2,700.20 X 2 (liquidated damages) = $5,400.40.

11. Defendant has knowingly and willfully refused to tender payment of wages owed to Plaintiff full well knowing that she was not exempt from overtime.

12. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

14. Plaintiff reavers and realleges paragraphs 1-13 herein.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendant plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Goldberg & Loren, P.A.
1776 N. Pine Island Rd. – Suite 132224
Plantation, FL. 33322
Phone:        (954) 585-4878
Facsimile:    (954) 585-4886
E-Mail: JLoren@goldbergloren.com

_____
James M. Loren, Esquire
Bar No.: 55409