UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:18-cv-00392-RBD-TB

CATHLEEN PLAZAS

        Plaintiff,

vs.

DR. PHILLIPS CENTER FOR THE PERFORMING ARTS, INC.

        Defendant.

_____/

## AMENDED FLSA SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made by and between **CATHLEEN PLAZAS** on behalf of herself, her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Plaintiff") and **DR. PHILLIPS CENTER FOR THE PERFORMING ARTS, INC.** ("Defendant").

    WHEREAS, Plaintiff instituted the above-captioned case in the United States District Court, Middle District of Florida, Orlando Division; and

    WHEREAS, Defendant denies liability herein and any wrongdoing with respect to Plaintiff;

    WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

    WHEREAS, the Parties previously executed an FLSA Settlement Agreement and sought approval of the settlement by the Court (*see* Doc. 8);

WHEREAS, the Court raised concerns relating to the released parties, as defined in that agreement, (*see* Doc. 9) which have been addressed in this Amended FLSA Settlement Agreement;

WHEREAS, this Amended FLSA Settlement Agreement nullifies, supersedes, and replaces the first FLSA Settlement Agreement entered into by the Parties;

WHEREAS, the Parties now enter into this Agreement intending to fully settle the unpaid wages claims asserted in the Complaint.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RETURN OF PROPERTY**. Plaintiff represents that, as of the date of this Agreement, she has returned any and all documents, lists, data, confidential information, trade secrets, equipment or other property in her possession belonging to Defendant.

3. **RELEASE OF UNPAID WAGE CLAIMS**. This Agreement shall constitute a waiver and release of all unpaid wage claims under the Fair Labor Standards Act (the "FLSA"), or any similar state or local law, Plaintiff has or might have against Defendant, Dr. Phillips Center for the Performing Arts, Inc. or the following officers, directors and employees of Defendant during Plaintiff's employment with Defendant: Dana Brazil

(Defendant's Senior Director of Education and Plaintiff's immediate supervisor), Jim Pugh (Chairman of Defendant's Board of Directors), Chuck Steinmetz (Vice Chairman of Defendant's Board of Directors), Ken Robinson (Vice Chairman of Defendant's Board of Directors), Kathy Ramsberger (Defendant's President and Chief Executive Officer), Cecilia Kelly (Defendant's Chief Financial Officer), and Spencer Tong (Defendant's Executive Vice President); as well as ADP TotalSource, Inc. (a professional employer organization and the co-employer of Plaintiff during her employment with Defendant) (collectively "Releasees"). Plaintiff shall file, or consent to the filing of, a joint motion for approval of this settlement and for dismissal of the above-captioned lawsuit with prejudice within twenty-four (24) hours of her counsel-of-record's receipt of a fully-executed copy of this Agreement.

4. **SETTLEMENT SUMMARY.**

a. Payment by Defendant of the Settlement Sum is conditioned upon (i) Plaintiff's delivery to Defendant's counsel of:

1. an executed original of this Agreement
2. a W-4 form executed by Plaintiff
3. a W-9 form executed by Plaintiff and
4. a W-9 form executed by Plaintiff's counsel,

and (ii) the Court's approval of this settlement and dismissal of the above-captioned lawsuit with prejudice. Within ten (10) business days after the latest of the events listed in (i) and (ii) above, Defendant shall deliver to Plaintiff's counsel the following settlement checks, which together constitute the Settlement Sum:

- $1,950.50, made payable to Cathleen Plazas, as and for back pay and front pay allegedly due her, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Cathleen Plazas;

- **$1,950.50**, made payable to Cathleen Plazas representing alleged liquidated damages. No deductions shall be made from this check and a Form 1099 shall issue to Cathleen Plazas; and

- **$3,349.00**, made payable to Goldberg & Loren, P.A., as attorneys' fees and costs and for which separate IRS Forms 1099 shall issue to Cathleen Plazas and Goldberg & Loren, P.A. *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

Plaintiff understands and acknowledges that she would not receive the payments specified in this paragraph, except for her execution of this Agreement, including the Release contained herein, and her fulfillment of the promises contained herein.

b. Defendant makes no representation as to the taxability of the amounts paid to Plaintiff or Plaintiff's counsel. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or her attorney under the terms of this Agreement. With respect to the W-2 payment specified in paragraph 4(a), Defendant shall be solely responsible for withholding and remitting federal taxes pursuant to the W-4 form completed and provided by Plaintiff, and for paying Defendant's portion of any FICA taxes due in connection with the W-2 payment.

5. **AFFIRMATIONS**. Plaintiff affirms that she has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Defendant in any forum or form, except the above-captioned lawsuit. Plaintiff further affirms that, as of the date of this release, she has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other

4

leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement.

6. **NO ADMISSION.** Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant of any liability, unlawful conduct of any kind or violation by Defendant of the laws identified in paragraph 3 herein.

7. **OPPORTUNITY TO REVIEW.** Plaintiff acknowledges that she is aware that she is compromising and releasing the claims she may have against Defendant, Dr. Phillips Center for the Performing Arts, Inc., and the other Releasees for unpaid wages. Plaintiff acknowledges that she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that she has consulted with her counsel-of-record, James M. Loren, Esquire, prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

8. **SEVERABILITY.** Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **VENUE AND GOVERNING LAW.** This Agreement shall be governed by the laws of the State of Florida without regard to its choice of laws or conflict of laws provisions. In the event of any action arising hereunder, venue shale lie exclusively in a court whose jurisdiction includes Orange County, Florida.

10. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between Plaintiff and Defendant as far as it concerns unpaid wages claims, and it supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties regarding the subject of the payment of wages, except any pre-existing non-compete, non-disclosure, confidentiality or other agreements, which remain(s) in full force and effect. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except those set forth in this Agreement.

11. **WAIVER OF JURY TRIAL.** The Parties hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims arising in connection with the facts underlying Plaintiff's claims and/or this Agreement.

12. **AMENDMENTS.** This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original. All the counterparts together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

14. **PLAINTIFF AFFIRMS SHE HAS HAD A REASONABLE AMOUNT OF TIME TO REVIEW THIS AGREEMENT AND RELEASE AND TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS**

AGREEMENT. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE AMENDED SETTLEMENT AGREEMENT, THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS AMENDED SETTLEMENT AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH "4" ABOVE, CATHLEEN PLAZAS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AMENDED SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Date: 6/5/2018

_____
CATHLEEN PLAZAS

Date: 6/1/2018

**DR. PHILLIPS CENTER FOR THE PERFORMING ARTS, INC.**

_____
As representative of Dr. Phillips Center for the Performing Arts, Inc.

By: Mary Beth Harcarufka
    Vice President, People & Culture (Human Resources)

4818-4535-3063, v. 2

8