UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CATHLEEN PLAZAS,

      Plaintiff,

v.                                     Case No:  6:18-cv-392-Orl-37TBS

DR. PHILLIPS CENTER FOR THE
PERFORMING ARTS, INC.,

      Defendant.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Second Renewed Motion for Approval of Amended FLSA Settlement (Doc 14). Upon due consideration I respectfully recommend that the motion be **GRANTED**.

## I. Background

From around May of 2016 to August of 2017, Defendant Dr. Phillips Center for the Performing Arts, Inc. employed Plaintiff Cathleen Plazas as a Program Manager (Doc. 10 at 3). Plaintiff alleges that she worked on average 42 to 43 hours per week for which she was paid a flat salary of $1,000 per week (Doc. 1, ¶ 9). Using these figures, Plaintiff estimates that pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* she is owed $2,700 plus a like amount for liquidated damages, making a total of $5,400 (Id., ¶ 10). Defendant denies liability, contending that it properly classified Plaintiff as an exempt employee under the FLSA (Doc. 10 at 3).

The parties negotiated a compromise and settlement in which Plaintiff will receive $1,950.50 in back and front pay plus $1,950.50 in liquidated damages, and her lawyer will receive $3,349.00 for fees and costs (Doc. 14-1, ¶ 4). The parties state that they have

voluntarily exchanged information concerning Plaintiff's claim and that this agreement is the product of settlement negotiations (Doc. 14 at 3). Counsel have opined that this settlement "is a reasonable compromise of disputed issues." (Id., at 5).

This is the parties' third application for approval of their agreement. The first time the parties presented their settlement agreement for review I questioned the breadth of the release contained in the agreement and asked for additional information (Doc. 9). The parties responded, explaining why they believed the inclusion of a release of non-parties in the agreement should be approved (Doc. 11). I was not persuaded, and filed a Report and Recommendation that the settlement agreement be rejected because it included a release of non-parties ADP, Defendant's Senior Director of Education, the Chairman of Defendant's Board of Directors, the Vice Chairman of Defendant's Board of Directors, Defendant's President and Chief Operating Officer, Defendant's Chief Financial Officer, and Defendant's Executive Vice President (Doc. 13). The parties filed the pending motion in response to my Report and Recommendation. They have now fully addressed my concern, and I recommend approval of their settlement.

## II. Discussion

*The Standard of Review*

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the

amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

"Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the

> settlement is more likely to reflect a reasonable compromise
> of disputed issues than a mere waiver of statutory rights
> brought about by an employer's overreaching. If a settlement
> in an employee FLSA suit does reflect a reasonable
> compromise over issues, such as FLSA coverage or
> computation of back wages that are actually in dispute; we
> allow the district court to approve the settlement in order to
> promote the policy of encouraging settlement of litigation.

Id.

The Court considers the following factors when determining whether a settlement is fair and reasonable: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

*Analysis*

I see no badges of fraud in the making of this agreement. The parties are represented by counsel, and Plaintiff will receive 0.72% of her claim. In my view, this is a fair and reasonable amount to avoid having to litigate whether Defendant properly classified Plaintiff as an exempt employee. Plaintiff is also receiving a like amount as liquidated damages.

Title 29 U.S.C. § 216(b) provides that in an FLSA action seeking unpaid wages and overtime the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id. Section 216(b) has been interpreted to mean that "fee awards [are] mandatory for

prevailing plaintiffs." <u>Kreager v. Solomon & Flanagan, P.A.</u>, 775 F.2d 1541, 1542 (11th Cir. 1985) (citation omitted); <u>see</u> <u>also</u> <u>Shelton v. Ervin,</u> 830 F.2d 182, 184 (11th Cir. 1987). The parties represent that the amount of attorney's fees being paid to Plaintiff's counsel was determined separately and apart from Plaintiff's recovery. This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to counsel. <u>See</u> <u>Bonetti v. Embarq Mgmt Co.</u>, 715 F. Supp. 2d 1222 (M.D. Fla. 2009); <u>see</u> <u>also</u> <u>McQuillan v. H.W. Lochner, Inc.</u>, No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

The parties have revised the release in their agreement so that now, Plaintiff is only releasing Defendant from "all unpaid wage claims under the Fair Labor Standards Act (the "FLSA"), or any similar state or local law …" (Doc. 14-1 at 3). I find this narrow release to be both fair and reasonable.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) The parties' Joint Second Renewed Motion for Approval of Amended FLSA Settlement (Doc 14) be **GRANTED**;

(2) The parties' settlement agreement (Doc. 14-1) be **APPROVED;**

(3) The case be **DISMISSED with prejudice**; and

(4) The Clerk be directed to **CLOSE** the file.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

If the parties have no objection to this Report and Recommendation they can

expedite the approval process by filing notices of no objection.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 29, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record